AO 245B  (Rev. 09/11)  Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

2015 JAN 20 PM 2: 17

UNITED STATES OF AMERICA

**JUDGMENT IN A CRIMINAL CASE**

CASE NUMBER:  3:13-cr-141-J-32JRK
USM NUMBER:  59032-018

V.

SHELTON THOMAS BELL

Defendant's Attorney:  Lisa Call

THE DEFENDANT:

_X_ pleaded guilty to counts **One and Two (1 & 2) of the Indictment**.
__ pleaded nolo contendere to count(s) which was accepted by the court.
__ was found guilty on count(s)  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 2339A | **Conspiracy to Provide Material Support to Terrorists** | **November 21, 2012** | **One of the Indictment** |
| 18 U.S.C. § 2339A | **Attempting to Provide Material Support to Terrorists** | **November 21, 2012** | **Two of the Indictment** |

The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984, as modified by United States v. Booker, and 18 U.S.C. §§ 3551 and 3553.

__ The defendant has been found not guilty on count(s)
__ Count(s)  (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence:  **January 14, 2015**

TIMOTHY J. CORRIGAN
UNITED STATES DISTRICT JUDGE
DATE:  January 20, 2015

AO 245B (Rev. 09/11) Sheet 2 - Imprisonment

| | |
|---|---|
| Defendant: **SHELTON THOMAS BELL** | Judgment - Page 2 of 6 |
| Case No.: 3:13-cr-141-J-32JRK | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **ONE HUNDRED EIGHTY (180) MONTHS as to Count One (1) of the Indictment and SIXTY (60) MONTHS as to Count Two (2) of the Indictment, such terms to run consecutively, FOR A TOTAL TERM OF TWO HUNDRED FORTY (240) MONTHS. The Court recommends to the state court that this federal term run concurrently with any term of imprisonment imposed in Case No. 13-CF-1124, Circuit Court of the Fourth Judicial Circuit, Duval County, Florida.**

X The court makes the following recommendations to the Bureau of Prisons:

- • **Incarceration in FCI Jesup or FCI Coleman.**
- • **Defendant receive mental health treatment or other appropriate counseling regarding terrorism.**
- • **Defendant participate in any available educational and vocational programs, including college and masters level programming.**
- • *Defendant's age be taken into account in placement.* (TJC)

X The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district.

___ at ___ a.m./p.m. on ___.
___ as notified by the United States Marshal.

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

___ before 2 p.m. on ___.
___ as notified by the United States Marshal.
___ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
United States Marshal

By:_____
Deputy Marshal

AO 245B (Rev. 09/11) Sheet 3 - Supervised Release

| Defendant: | SHELTON THOMAS BELL | Judgment - Page _3_ of _6_ |
|---|---|---|
| Case No.: | 3:13-cr-141-J-32JRK | |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **LIFE as to both Counts One and Two (1 & 2) of the Indictment to run concurrently. However, after ten (10) years of supervised release, the Probation Office should review defendant's progress on supervised release to determine if it is still necessary. Thereafter, a review of the need to continue supervised release should be conducted at least every five (5) years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

___   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable).

_X_   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

_X_   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

___   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

___   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 09/11) Sheet 3C - Supervised Release

| | |
|---|---|
| Defendant: SHELTON THOMAS BELL | Judgment - Page _4_ of _6_ |
| Case No.: 3:13-cr-141-J-32JRK | |

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

___ The defendant shall participate in the Home Detention program for a period of __. During this time, defendant will remain at defendant's place of residence except for employment and other activities approved in advance by the defendant's Probation Officer. Defendant will be subject to the standard conditions of Home Detention adopted for use in the Middle District of Florida, which may include the requirement to wear an electronic monitoring device and to follow electronic monitoring procedures specified by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such monitoring not to exceed an amount determined reasonable by the Probation Officer based on ability to pay (or availability of third party payment) and in conformance with the Probation Office's Sliding Scale for Electronic Monitoring Services.

___ The defendant shall participate, as directed by the Probation Officer, in a program (outpatient and/or inpatient) for treatment of narcotic addiction or drug or alcohol dependency. This program may include testing for the detection of substance use or abuse. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer's Sliding Scale for Substance Abuse Treatment Services.

X The defendant shall participate as directed in a program of mental health treatment (or other appropriate counseling) approved by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable to by Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Mental Health Treatment Services.

X The defendant shall provide the probation officer access to any requested financial information.

X The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, acquisitions or obligating himself/herself for any major purchases without approval of the probation officer.

___ If deported by the Bureau of Immigration and Customs Enforcement (BICE), the Defendant shall not re-enter the United States unless allowed to do so legally.

___ Defendant shall perform ___ hours of community service.

___ The defendant shall register with the state sexual offender registration agency(s) in any state where he resides, visits, is employed, carries on a vacation, or is a student, as directed by the probation officer.

___ The defendant shall have no direct contact with minors (under the age of 18) without the written approval of the probation officer and shall refrain from entering into any area where children frequently congregate including: schools, day-care centers, theme parks, playgrounds, etc.

___ The defendant is prohibited from possessing, subscribing to, or viewing any video, magazines, or literature depicting children in the nude and/or in sexually explicit positions.

X The defendant shall submit to a search of his person, residence, place of business, any storage units under his control, computer or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner. The defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition. Failure to submit to a search may be grounds for revocation.

X The defendant is prohibited from having contact with the juvenile co-defendant or other individuals who were involved in the activities in this case. The names of the individuals are those found in the juvenile co-defendant's judgment.

X The defendant shall submit to monitoring of his computer system, Internet capable devices, and/or similar electronic devices he has access to, and allow the installation of monitoring software/hardware on said devices. The defendant will make no attempts to circumvent the monitoring software/hardware. The defendant shall inform all parties that access a monitored computer, or similar electronic device, that the device is subject to search and monitoring. The defendant may be limited to use of only one Internet capable device, to facilitate the United States Probation Office's ability to effectively monitor his internet related activities. The defendant shall also permit random examinations of said computer systems, Internet capable devices, and similar electronic devices, and related computer peripherals, such as removable storage, to ensure compliance with this condition.

AO 245B (Rev. 09/11) Sheet 5 - Criminal Monetary Penalties

| Defendant: | SHELTON THOMAS BELL | Judgment - Page  5  of  6 |
|---|---|---|
| Case No.: | 3:13-cr-141-J-32JRK | |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Total Restitution |
|---|---|---|---|
| **Totals:** | **$200.00** | $ | **$17,000.00** |

___ The determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

_X_ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| **Chapel Hills Memorial Gardens Cemetery ATTN: Phyllis Gregory 850 St. Johns Bluff Road North Jacksonville, Florida, 32225** | **$17,000.00** | **$17,000.00** | |
| **Totals:** | **$17,000.00** | **$17,000.00** | |

___ Restitution amount ordered pursuant to plea agreement  $ _____.

___ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

___ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

_X_ the interest requirement is waived for the ___ fine  _X_ restitution.

___ the interest requirement for the ___ fine ___ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/11) Sheet 6 - Schedule of Payments

Defendant:      SHELTON THOMAS BELL                                      Judgment - Page _6_ of _6_
Case No.:       3:13-cr-141-J-32JRK

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A.    _X_    Lump sum payment of $ _200.00_ due immediately, balance due

             ___ not later than _____, or

             ___ in accordance __ C, __ D, __ E or __ F below; or

B.    ___    Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C.    ___    Payment in equal (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _
             _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of
             this judgment; or

D.    ___    Payment in equal _____(e.g., weekly, monthly, quarterly) installments of $ _____ over a
             period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days)
             after release from imprisonment to a term of supervision; or

E.    ___    Payment during the term of supervised release will commence within _____ (e.g., 30
             or 60 days) after release from imprisonment.  The court will set the payment plan based on an
             assessment of the defendant's ability to pay at that time, or

F.    _X_    Special instructions regarding the payment of criminal monetary penalties:

             •    **Restitution to be paid with $50.00 monthly installments, the first payment being due
                  sixty (60) days from the date of release from custody.**

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment
of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments
made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of
the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties
imposed.

___    Joint and Several

       Defendant  and Co-Defendant Names and Case Numbers (including defendant number), Total Amount,
       Joint and Several Amount, and corresponding payee, if appropriate:

___    The defendant shall pay the cost of prosecution.

___    The defendant shall pay the following court cost(s):

___    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order:  (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine
principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.